```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
                                §
                                §
NATHAN SMITH,                   §
                                §
     Plaintiff,                 §
                                §
v.                              §   CIVIL ACTION NO. H-12-0469
                                §
THE STATE OF TEXAS, et al.      §
                                §
     Defendants.                §
                                §
```

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants Morgan Dunn O'Connor, Morgan Dunn O'Connor GST Non-Exempt Trust, Brien O'Connor Dunn GST Non-Exempt Trust, Estate of Marie O'Connor Sorenson (collectively "Defendant O'Connor")[2], and Defendant Dunn O'Connor Family Trust's ("Defendant Trust")[3] Motion to Dismiss (Doc. 102). The court has considered the motion, all relevant filings, and the applicable law. For

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 125.

[2] "Morgan Dunn O'Connor is the Independent Executor of the Estate of Marie O'Connor Sorenson and manages business interests and real properties in the name of trusts arising out of her mother's will, including Defendant Morgan O'Connor GST Non-Exempt Trust and Defendant Brien O'Connor Dunn GST Non-Exempt Trust." Doc. 102, Mot. to Dismiss, pp. 2-3.

[3] The court refers to Defendant O'Connor and Defendant Trust collectively as "Defendants"

the reasons set forth below, it is **RECOMMENDED** that the Defendant's Motion to Dismiss be **DENIED**.[4]

### I.   Case Background

This case involves a number of claims including breach of contract, fraud, theft, misrepresentation, negligence, intentional infliction of emotional distress, unjust enrichment, interference, and conversion.[5]

**A. Procedure**

Plaintiff Nathan Smith ("Plaintiff"), proceeding pro se, filed his Original Petition in the Central District of California on August 24, 2011.[6] Plaintiff then initiated service of process upon Defendant O'Connor on December 9, 2011.[7] On December 29, 2011, Defendant O'Connor filed a Motion to Dismiss for Lack of Jurisdiction or in the Alternative to Transfer Action.[8]

Plaintiff also initiated service of process upon Defendant Trust on February 9, 2012.[9] On February 14, 2012,

---

[4]   In Defendants' Motion to Dismiss, one of the arguments raised is that Plaintiff's complaint fails to meet the pleading standard required in Federal Rule of Civil Procedure 8(a). See Doc. 102, Mot. to Dismiss. This portion of Defendants' motion is moot because Plaintiff re-pled at the request of the court. See Doc. 153, Pl.'s First Am. Compl.

[5]   See Doc. 1, Original Compl.

[6]   See id.

[7]   See id.

[8]   See Doc. 58, Mot. to Dismiss.

[9]   See Doc. 102, Mot. to Dismiss.

the court granted Defendants' motion and transferred the case to the Southern District of Texas.[10]

On February 28, 2012, Defendant O'Connor and Defendant Trust filed the pending motion to dismiss, asserting that the service of process on Defendants was defective, and that this court lacks personal jurisdiction over Defendants.[11] Plaintiff filed a Response in Opposition to Motion to Dismiss on March 14, 2012.[12]

**B. Facts**

**1. Regarding Service of Process on Defendant O'Connor**

Defendant O'Connor provided a sworn declaration, attached to her motion to dismiss, that stated Plaintiff served a summons on the office of the Texas Land and Mineral Owners Association ("the TLMOA") located at 1005 Congress Ave, Suite 360, Austin, Texas 78701.[13] Defendant O'Connor swore in her declaration that she is a volunteer board member for the TLMOA, serving as the Vice President, and receives no compensation from the association.[14] She

---

[10]  See Doc. 97, Order to Transfer Case.

[11]  See Doc. 102, Mot. to Dismiss.

[12]  See Doc. 118, Pl.'s Resp. to Defs.' Mot. to Dismiss.

[13]  See Doc. 102-1, Decl. of Def. Morgan Dunn O'Connor in Supp. of Mot. to Dismiss, p. 5.

[14]  See id., p. 4.

3

also stated that she has never been to the office in Austin.[15] Defendant O'Connor further explained that she lives in Victoria, Texas, and that the only reason on December 16, 2011, she received the summons was because a person from the TLMOA forwarded her the summons.[16]

In connection with Plaintiff's reply brief, he provided a copy of the return receipt which showed that the summons was addressed to "Morgan Dunn O'Connor" but that the address printed on the receipt was "1005 Congress Ave, Suite 360, Austin, Texas 78701".[17] It is undisputed that Plaintiff mailed the summons to the office of the TLMOA. There is also a signature on the return receipt of a William C. Querner, who is not a party to this lawsuit.[18]

**2. Regarding Service of Process on Defendant Trust**

Defendant O'Connor also stated, in a supplemental sworn declaration, that her sister, Bridey Dunn Greeson ("Greeson"), received a summons on behalf of Defendant Trust on February 14, 2012.[19] O'Connor explained that Greeson formerly served as the trustee of Defendant Trust

---

[15] See id.

[16] See id., pp. 4, 5.

[17] See Doc. 118, Pl.'s Resp. to Defs.' Mot. to Dismiss, p. 13.

[18] See id.

[19] See Doc. 102-2, Supplemental Decl. of Def. Morgan Dunn O'Connor, p. 2.

4

but her position ended on September 24, 2010, and she has not acted as a trustee, agent or representative of Defendant Trust since then.[20] Greeson is not a party to this lawsuit. Greeson subsequently provided the summons to O'Connor.[21] The record does not provide any information as to the identity of the current trustee or whether the trustee is an authorized agent to receive service on behalf of Defendant Trust.[22]

Attached to his reply, Plaintiff submitted the return receipt for Defendant Trust.[23] It is signed by Susie Soto, who is not a party to this lawsuit.[24] It is also addressed to "(Trustee) Bridey Dunn Greeson".[25]

## II.  Standard of Review

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5), the court is authorized to dismiss a civil action when service of process is inadequate. The burden of proof to establish proper service is on the party on whose behalf

---

[20]   See id., p. 3.

[21]   See id.

[22]   Defendant O'Connor states in her Supplemental Declaration that Greeson subsequently provided her with the papers. The court cannot read this statement to indicate she is the current trustee or authorized agent to receive service on behalf of Defendant Trust. Id.

[23]   See Doc. 118, Pl.'s Resp. to Defs.' Mot. to Dismiss, p. 13.

[24]   See id.

[25]   See id.

5

service is made. Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir. 1985); In re Arbitration Between: Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp., 978 F. Supp. 266, 298 (S.D. Tex. 1997), aff'd 161 F.3d 314 (5th Cir. 1998).

Service of process by pro se plaintiffs is held to a "special" or less strict standard than service of process by attorneys. Holly v. Metro. Transit Auth., 213 F. App'x 343, 344 (5th Cir. 2007) (unpublished) (citing Lindsey v. U.S. R.R. Ret. Bd., 101 F.3d 444, 446 (5th Cir. 1996)).

### III. Analysis

Under Rule 4(e)(2), proper service requires the delivery of a summons to the individual served, leaving a summons with a person of suitable age at the residence of the individual served, or delivery of a copy to an agent authorized to receive service on behalf of the individual served. Plaintiff served Defendants by certified mail, which is not permitted under Rule 4(e)(2).

Rule 4(e)(1) provides that service of process may also be made on an individual "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." At the time Defendants were served, California was the forum state of the district

6

court and service was made in Texas. Under Rule 4(e)(1), Plaintiff could have served Defendant O'Connor and Defendant Trust either under Texas or California law.

### A. Service Pursuant to Texas Law

Texas Rule of Civil Procedure 106 permits service of process by registered or certified mail, return receipt requested. However, Texas Rule of Civil Procedure 107 requires that when service of process is accomplished by registered or certified mail, the return of service "must also contain the return receipt with the addressee's signature." If the return receipt is not signed by the addressee, the service of process is defective. Sw. Sec. Servs., Inc. v. Gamboa, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005). Texas courts have consistently held that service is defective when the return receipt was signed by someone other than the addressee. Ramirez v. Consol. HGM Corp., 24 S.W.3d 914, 916 (Tex. App.—Amarillo, 2004); All Commercial Floors, Inc. v. Barton & Rasor, 97 S.W.3d 723, 727 (Tex. App.—Fort Worth 2003).[26]

Here, neither of the challenged summonses was signed by the addressee. Under Texas law, Defendant O'Connor was

---

[26] Defendants also argued in their Motion to Dismiss that service was improper because the person who sent the certified mail was not authorized by the court. The court does not reach this argument because it finds service insufficient for the reasons set forth herein. See Doc. 102, Mot. to Dismiss, p. 6.

7

not properly served because the receipt was signed by someone other than the addressee; it was signed by William C. Querner. See Ramirez, 124 S.W.3d at 916. There is also no return receipt signed by an authorized agent of Defendant Trust. The summons was addressed to an individual not authorized to receive service, Greeson, and was signed by another person, Susie Soto. Plaintiff failed to provide adequate evidence, under Texas law, that Defendant O'Connor and Defendant Trust were properly served.

**B. Service Pursuant to California Law**

California Code of Civil Procedure 417.20 also permits service of process by registered or certified mail but states "proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." California courts have held that the individual being served does not necessarily have to be the person who signed the certified mail. See Warner Bros. Records, Inc. v. Golden W. Music Sales, 112 Cal. Rptr. 71 (1974) (holding a defendant's agent, who was also a co-defendant in the case, had repeated communication with the defendant leading to a "high probability" that defendants would receive actual notice of service of process).

8

The question is whether the person who signed for the summons and the person who is intended to be served has a relationship that is close enough that there is a "high probability" that the person being served will receive actual notice of the service of process. See Summers v. McClanahan, 44 Cal. Rptr. 3d 338, 346 (2006) (holding that a personal manager was not a close enough relationship to ensure actual notice of service due to lack of evidence that they were in constant communication).

As previously explained, it is the Plaintiff's burden to prove service was proper. See Norlock, 768 F.2d at 656. Plaintiff provides no argument as to the relationship between Defendant O'Connor and the person who signed for the summons. Plaintiff lacks evidence that the person who signed for the summons, William C. Querner, has constant communication with Defendant O'Connor. Under California law, Defendant O'Connor was not properly served because the person who signed the receipt does not have a high probability of giving Defendant O'Connor actual notice of the summons. See Summers, 44 Cal. Rptr. 3d at 346.

Plaintiff also provides no argument to establish that Greeson, the prior trustee of Defendant Trust, has a relationship with an authorized agent of Defendant Trust. In fact, Plaintiff does not identify the current trustee or

9

a current authorized agent of Defendant Trust. Plaintiff does not meet his burden, under California law, in proving that service was on a person with a close enough relationship that there is a high probability that an authorized agent would receive actual notice. See id.

C. Opportunity to Remedy

Although Plaintiff's attempts at servicing Defendant O'Connor and Defendant Trust were ineffective, the court finds it prudent to allow Plaintiff, who is proceeding pro se, another opportunity to effect service on Defendants. Cf. Lindsey, 101 F.3d at 446 (holding that plaintiff's proceeding pro se are held to a more lenient standard for service of process than those with attorneys); Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) (stating that "pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."). The court will allow Plaintiff thirty days to perfect service of process on Defendants Morgan Dunn O'Connor, Morgan Dunn O'Connor GST Non-Exempt Trust, Brien O'Connor Dunn GST Non-Exempt Trust, Estate of Marie O'Connor Dunn, and the Dunn O'Connor Family Trust.

**IV. Conclusion**

Based on the above, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 15th day of August, 2012.

Nancy K. Johnson
United States Magistrate Judge