```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

| | |
|---|---|
| NATHAN SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-469 |
| § | |
| THE STATE OF TEXAS, et al., § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION

The court,[1] having considered Defendants Richard Schwartz and the Law Office of Schwartz, Junnell, Greenberg and Oathout's (collectively, "Schwartz Defendants") pending Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 205), **RECOMMENDS** that the motion be **DENIED** for the reasons set forth below.

Nathan Smith ("Plaintiff"), proceeding pro se, filed this lawsuit against the Schwartz Defendants and several other defendants on August 24, 2011, in the Central District of California, alleging numerous causes of action.[2] The case was transferred to this court on February 16, 2012.[3] On motions by the parties, the court considered the merits of Plaintiff's numerous

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 125.

[2] See Doc. 1, Pl.'s Orig. Compl.

[3] See Doc. 98, Case Transfer; see also Doc. 96, Or. From C.D. Cal. Granting Transfer of Venue; Doc. 97, Or. From C.D. Cal. Granting Transfer of Venue.

causes of actions against the various defendants.[4]  The court issued a memorandum and recommendation on October 26, 2012, dismissing all of Plaintiff's claims against each of the defendants with the sole exception of Plaintiff's legal malpractice claim against the Schwartz Defendants.[5]  Specifically, the court determined that the convoluted claims against the Schwartz Defendants contained in Plaintiff's original complaint amounted to a claim of legal malpractice.[6]  The memorandum and recommendation was adopted on November 16, 2012.[7]

Pursuant to the court's memorandum and recommendation, Plaintiff was given leave to file an amended complaint repleading his claim of legal malpractice against the Schwartz Defendants.[8]  On November 30, 2012, Plaintiff filed an amended complaint elaborating, at length, on the alleged facts giving rise to his legal malpractice claim.[9]  Two weeks later, on December 14, 2012, the Schwartz Defendants filed the pending motion to dismiss Plaintiff's amended complaint, to which Plaintiff responded on

---

[4]  See Doc. 109, Def. WKC's Mot. to Dismiss; Doc. 132, Defs. O'Connor & WKC's Mot. for Summ. J.; Doc. 138, Def. State Counsel's Mot. to Dismiss; Doc. 177, Pl.'s Mot. for Partial Summ. J. Against Defs. O'Connor, WKC, & State's Counsel; Doc. 180, Pl.'s Mot. for Partial Summ. J. Against Defs. O'Connor & WKC.

[5]  See generally Doc. 198, Mem. & Recommendation Dated Oct. 26, 2012.

[6]  See id. p. 30.

[7]  See Doc. 201, Or. Dated Nov. 16, 2012.

[8]  See Doc. 198, Mem. & Recommendation Dated Oct. 26, 2012, p. 30.

[9]  See Doc. 203, Pl.'s 2nd Am. Compl.; see also Doc. 206, Schwartz Defs.' Ans. to Pl.'s 2nd Am. Compl.

2

January 3, 2013.[10]

The Schwartz Defendants move to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Under Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010).  A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp., 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949.

Here, Plaintiff's purports to raise a claim of legal malpractice against the Schwartz Defendants.  A legal malpractice

---

[10] See Doc. 205, Schwartz Defs.' Mot. to Dismiss; Doc. 214, Pl.'s Resp. in Opp'n to Schwartz Defs.' Mot. to Dismiss; see also Doc. 225, Schwartz Defs.' Reply to Pl.'s Resp. in Opp'n to Schwartz Defs.' Mot. to Dismiss; Doc. 226, Pl.'s Surreply & Objs. to Schwartz Defs.' Reply.

claim requires allegations that: "(1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred." Belt v. Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780, 783 (Tex. 2006) (quoting Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995)) (quotations omitted). Generally, a two-year statute of limitations applies to claims of legal malpractice; this limitations period begins to run when the plaintiff suffers a legal injury. See Tex. Civ. Prac. & Rem. Code § 16.003(a); Hughes v. Mahaney & Higgins, 821 S.W.2d 154, 156 (Tex. 1991). When the alleged malpractice stems from unsuccessful prior litigation, a plaintiff has the additional burden of showing that, but for the defendant's negligence, the plaintiff would have prevailed in the prior litigation. See Duerr v. Brown, 262 S.W.3d 63, 76 (Tex. App.–Houston [14th Dist.] 2008, no pet.).

Although Plaintiff's complaint is repetitive and rife with conclusory and unsubstantiated allegations, it also includes allegations that the Schwartz Defendants: (1) coerced Plaintiff to retain the Schwartz Defendants' legal services;[11] (2) improperly billed Plaintiff after the parties entered into a contingency agreement;[12] (3) failed to form a corporation on Plaintiff's

---

[11]  See Doc. 203, Pl.'s 2nd Am. Compl., ¶¶ 8, 110.

[12]  See id. ¶¶ 69-71, 102.

behalf;[13] (4) accepted service of process on Plaintiff's behalf and represented Plaintiff with regards to litigation in 2010 without obtaining Plaintiff's consent or agreement;[14] and (5) engaged in a deficient legal strategy in their representation of Plaintiff.[15] These actions, according to Plaintiff, resulted in Plaintiff's being denied access to the alleged shipwreck and losing business opportunities related to the shipwreck.[16] To the extent that these claims fall within the applicable statute of limitations, Plaintiff has alleged sufficient facts, which the court must accept as true at this stage of the proceedings, to support a claim for legal malpractice.

The court therefore **RECOMMENDS** that the Schwartz Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint be **DENIED** and that all further dispositive motions be filed pursuant to Federal Rule of Civil Procedure 56.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period

---

[13]  See id. ¶¶ 9-14, 86.

[14]  See id. ¶¶ 38-41, 43, 95, 126.

[15]  See id. ¶¶ 44-58, 66, 80, 85, 91, 124.

[16]  See id. ¶¶ 33-37.

mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6<u>th</u> day of February, 2013.

Nancy K. Johnson
United States Magistrate Judge